UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROLYN HENRY,

  Plaintiff,

-VS-                                          CASE NO.:

CREDIT PROTECTION ASSOCIATION,
L.P.,                                    **JURY TRIAL DEMANDED**

  Defendant.
_____/

## COMPLAINT

Plaintiff, CAROLYN HENRY, by and through her undersigned counsel hereby sues Defendant, CREDIT PROTECTION ASSOCIATION, L.P., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like Credit Protection Association, L.P. (hereinafter "CPA") from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

1

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

8. The alleged violations described in the Complaint occurred in Hillsborough County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, CPA, is a corporation with its principal place of business at 13355 Noel Rd, Suite 2100, Dallas, TX 75380 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16. CPA called the Plaintiff over five hundred (500) times since early 2014 in an attempt to collect a debt.

17. CPA attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

18. CPA intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

20. Each call CPA made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

3

21. Each call CPA made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

22. Beginning on or about early 2014, Plaintiff began receiving automated calls from CPA to his cellular telephone number of (***) ***-8629 attempting to collect a debt.

23. After receiving several unwanted robocalls from CPA, Plaintiff answered a call in early 2014 and spoke to an unknown agent. During said conversation Plaintiff told CPA's agent to stop calling.

24. Despite Plaintiff clearly instructing CPA to stop calling, CPA continued its robo-call campaign against Plaintiff.

25. Due to the voluminous amount of calls Plaintiff received she was not able to keep track of every one, however Plaintiff was able to track at least two dozen calls from 844-335-5702 and 844-335-5701, including multiple calls per day on July 24, 2015 and August 4, 2015. In total, the Plaintiff received hundreds of calls to her cell phone despite advising Defendant that Plaintiff no longer wished to be called.

26. CPA has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or CPA, to remove the number.

27. CPA'S corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to CPA that they wish for the calls to stop.

28. CPA has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29. In total, since 1998, CPA has been sued at least one hundred and ninety-eight times in Federal Court alone.

30. CPA has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call them after they have requested for it to stop.

31. CPA has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

32. Since 2013, the Consumer Financial Protection Bureau (www.consumerfinance.gov) has received at least thirty-six (36) complaints against CPA categorized under "Communication tactics" or "Improper contact or sharing of info".

33. CPA's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

34. CPA has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties wish for the calls to stop.

35. Plaintiff did not expressly consent to CPA's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to CPA's placement of the majority of calls made to Plaintiff's cell phone.

36. None of CPA's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

37. CPA willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant no longer wished to be called.

40. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she no longer wished to be called and that they had the wrong number.

41. CPA repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

42. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

43. At all times relevant to this action CPA is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

44. CPA has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

45. CPA has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

46. CPA'S actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

47. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

48. At all times relevant to this action CPA is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

49. CPA has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

50. CPA has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

51. CPA has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CPA for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esq.
FBN: 88672
Morgan and Morgan, Tampa, P.A.
201 N. Franklin St. Suite 700
Tampa, FL 33602
813.577.4729 – office
813-559-4831 – fax
FKerney@forthepeople.com – primary
JKneeland@forthepeople.com - secondary
RJohnson@forthepeople.com – secondary
 Attorney for the Plaintiff